# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **TRAVIS MEDINA, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )  CAUSE NO. 1:10-CV-40 |
| | ) |
| **JOSEPH A. GARRETSON, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is an Unopposed Motion for Protective Order (Docket # 68) filed by Defendant Flagstar Bank FSB.[1] (Docket # 68.) Because the proposed order, which extends beyond the discovery phase of the proceedings, contains several defects, it will be DENIED.

First, the order's definition of "confidential document" is impermissibly broad. It includes "[d]ocuments which contain non-public confidential and proprietary trade information, or technical, commercial, financial, business information that does not meet the statutory definition of a trade secret but that like a trade secret will lose some or all of its value if disclosed to the general public or competitors . . . ." (Proposed Protective Order ¶ 1(c).)

Under *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 946 (7th Cir. 1999), a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *See also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and

---

[1] Flagstar represents that it has circulated the proposed protective order to all parties, that no counsel of record objects to the entry of the order, and that no unrepresented party has indicated that they object to the order.

vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998). Here, Flagstar fails to consistently formulate narrow, demarcated categories of legitimately confidential information and instead advances an over-inclusive definition of a "confidential document" that relies upon the rather oblique terms of "proprietary trade", "technical", "commercial", and "business". As a result, the Court is not satisfied that the parties know what information constitutes protected "confidential" information. *See Cincinnati Insurance*, 178 F.3d at 946.

> Furthermore, the use of the word "non-public" in the proposed order is inadequate.
>
> 'Non-public' is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors. . . . If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available. They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material.

*Cook*, 206 F.R.D. at 248-49. "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

In addition, the proposed order seeks to cause documents "containing" confidential information to be filed under seal, rather than solely protecting the actual confidential material through redaction. *See Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a

2

party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

Indeed, if the Court were to approve this order, the parties would be left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal." *Id*. at 944. The Seventh Circuit Court of Appeals has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

"Obtaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2. Of course, Flagstar may submit a revised protective order consistent with the requirements of Federal Rule of Civil Procedure 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far falls short.

For these reasons, the Court hereby DENIES approval of the unopposed protective order submitted by Defendant Flagstar Bank FSB (Docket # 68).

SO ORDERED.

Enter for this 1st day of November, 2010.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge